UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

                                                                         CIVIL ACTION NO.
                                                                         04-11113-PBS

**JOAO MONTEIRO**
      **Plaintiff,**

**VS.**

**MARINE TRANSPORT LINES, INC.**
      **Defendant.**

<u>**DEFENDANT, MARINE TRANSPORT LINES, INC.'S**</u>
<u>**ANSWER TO PLAINTIFF'S COMPLAINT**</u>

    Now comes the defendant, Marine Transport Lines, Inc., in the above entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Answer to Plaintiff's Complaint as follows:

<u>**THE PARTIES**</u>

1.   The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies same.

2.   The defendant admits the allegations in Paragraph 2.

3.   The defendant is without personal knowledge or information sufficient to form a belief as to the

       truth of the allegations contained in Paragraph 3 and therefore denies same.

4. The defendant denies the allegations in Paragraph 4. The plaintiff was employed by Marine Personnel and Provisioning, Inc., a subsidiary of the defendant.

5. The defendant admits that the plaintiff was a seaman and crewmember of the SS MORMACSKY on July 2, 2001. The defendant denies the allegations in respect to employment in Paragraph 5.

6. The defendant denies the allegations in Paragraph 6.

7. The defendant admits that on July 2, 2001 it was the bareboat charterer of the SS MORMACSKY, but is without personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 and therefore denies same.

8. The defendant denies the allegations in Paragraph 8. The vessel was operated by Marine Transport Management, Inc., a subsidiary of the defendant.

9. The defendant admits the allegations in Paragraph 9.

10. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies same.

11. The defendant admits that the plaintiff sustained personal injuries on July 2, 2001, but is without personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and therefore denies same.

12. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies same.

## JURISDICTION

13. Paragraph 13 is an allegation of jurisdiction and law which requires no answer, but to the extent that an answer is required, the defendant denies each and every allegation contained therein.

14. Paragraph 14 is an allegation of jurisdiction and law which requires no answer, but to the extent that an answer is required, the defendant denies each and every allegation contained therein.

## COUNT I
### (Jones Act)

15. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 14 inclusive and incorporates same as if fully set forth herein.

16. The defendant denies the allegations contained in Paragraph 16.

17. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies same.

18. Paragraph 18 contains allegations of law to which an answer is not required, but to the extent that an answer is required, the defendant denies each and every allegation contained therein.

**WHEREFORE** the defendant prays that this Honorable Court dismiss with prejudice Count I of Plaintiff's Complaint together with costs and reasonable attorneys fees.

## COUNT II
### GENERAL MARITIME LAW
### (Unseaworthiness)

19. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1

      through 14 inclusive and incorporates same as if fully set forth herein.

20. The defendant denies the allegations contained in Paragraph 20.

21. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies same.

22. Paragraph 22 contains allegations of law to which an answer is not required, but to the extent that an answer is required, the defendant denies each and every allegation contained therein.

**WHEREFORE** the defendant prays that this Honorable Court dismiss with prejudice Count II of Plaintiff's Complaint together with costs and reasonable attorneys fees.

<u>**COUNT III**</u>
<u>**(Maintenance and Cure)**</u>

23. The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 14 inclusive and incorporates same as if fully set forth herein.

24. The defendant denies the allegations contained in Paragraph 24.

**WHEREFORE** the defendant prays that this Honorable Court dismiss with prejudice Count III of Plaintiff's Complaint together with costs and reasonable attorneys fees.

### AFFIRMATIVE DEFENSES

Now comes the defendant and incorporates the following Affirmative Defenses into each Count of its Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to state a cause of action upon which relief can be granted under Count III of Plaintiff's Complaint.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to maintenance because it has been fully satisfied.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to cure because it has been fully satisfied.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that, if the injury occurred, which is specifically denied, the plaintiff reached maximum medical improvement on August 4, 2003 for the condition which he allegedly sustained onboard the vessel and

therefore is now beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of his work reasonably to be required of a seaman of the plaintiff's experience and not due to any negligence or fault on the part of the defendant nor any person or persons for whom the defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USCA, Appx. § 183 (b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the plaintiff has failed to establish personal jurisdiction over the defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the venue in this forum is improper.

**WHEREFORE**, the defendant prays that the above Complaint be dismissed with prejudice together with costs and reasonable attorney's fees.

The defendant claims **TRIAL BY JURY** on all issues raised in Plaintiff's Complaint, Defendant's Answer, and Affirmative Defenses contained herein with the exception of

Limitation of Liability which is unique for the Court's determination.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  June 28, 2004