UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-11113-PBS

JOAO MONTEIRO
    Plaintiff,

VS.

MARINE TRANSPORT LINES, INC.
    Defendant.

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Now comes the defendant, Marine Transport Lines, Inc., in the above captioned action, by and through its undersigned counsel and hereby files its Motion for a Protective Order, pursuant to Fed.R.Civ.P. 26(c), on information sought under designated subject Item No. 3 and Item No. 5 of the plaintiff's Notice of Deposition of the Defendant.  A copy of the plaintiff's Notice of Deposition of the Defendant is attached hereto as **Exhibit 'A'.**

As grounds in support of this motion, the defendant submits the following.

### BACKGROUND

On December 4, 2004, plaintiff's counsel noticed the Deposition of the Defendant pursuant to Fed.R.Civ.P. 30(b)(6) to be held on December 14, 2004.  After conferencing, the parties were unable to schedule the deposition in December.  On December 8, 2004, the Court scheduled an Alternative

Dispute Resolution Conference with Magistrate Judge Bowler to be held on January 19, 2005.  The parties' scheduling efforts focused on a date to conduct the Mediation with Magistrate Judge Bowler with the anticipation of settling this matter.  On January 31, 2005, the Mediation was held, but the parties did not settle the case.

On February 8, 2005, plaintiff's counsel served a Re-Notice of Deposition of the Defendant pursuant to Fed.R.Civ.P. 30(b)(6) to be held on February 16, 2005. A copy of the plaintiff's Re-Notice of Deposition of the Defendant is attached hereto as **Exhibit 'B'.** The Re-Notice of Deposition designated the same subject matter detailed in the original Notice of Deposition of the Defendant.  On February 9, 2005, defendant's counsel sent a facsimile to plaintiff's counsel that stated, in part, that the defendant objected to Item No.3 as listed in the Deposition Notice because it required the defendant's designee to testify to "[a]ny communications, statements and or admissions made by the Plaintiff to <u>anyone</u> concerning <u>any issue of relevance</u> in this case." (*underscoring our emphasis*) The basis for the defendant's objection remains that the statement is overly broad, ambiguous and requires the defendant to respond to unknown issues of relevancy or be precluded from use upon some technical objection, which should be left for the

Court's determination. The term "anyone" as used in Item No. 3 nominates all people that the Plaintiff has spoken with about this case. The defendant's designee cannot be expected to know all of the individuals with whom the Plaintiff has communicated. Similarly and if the designee does know any individuals with whom the Plaintiff has communicated, the designee cannot determine whether any communications that the plaintiff conducted are relevant to this case. The defendant requested that Item No. 3 be more narrowly defined, but plaintiff's counsel refused to revise the request. The defendant submits that Item No. 3 should specify the issue and the individual(s) sought to address the issue.

The defendant also objected to Item No.5 as identified in the Deposition Notice because it required the defendant's designee to testify to "[t]he method in which the Defendant contends the welding job should have been performed." In its February 9th facsimile to plaintiff's counsel, the defendant's counsel submitted that the subject matter of Item No. 5 is an issue for expert testimony and the defendant's counsel offered to produce its expert witness for a deposition provided that the plaintiff paid for the costs of conducting the deposition as required under Fed.R.Civ.P. 26(b)(4)(C). Welding is a technical expertise

that requires specialized knowledge of tools and materials and therefore falls under Fed.R.Evid. 702 - Testimony of Experts.  Accordingly, the defendant remains willing to produce its welding expert to the plaintiff provided the plaintiff assumes the expert's costs.

On February 11, 2005, defendant's counsel contacted plaintiff's counsel via telephone to follow-up on the issues raised in the February 9, 2005 facsimile.  Plaintiff's counsel refused to amend Item No. 3 and Item No. 5 of the Re-Notice of Deposition, but the parties did agree to reschedule the deposition for February 24, 2005.

On February 14, 2005, defendant's counsel received a second Re-Notice of Deposition scheduled to be held on February 24, 2005, however Item No. 3 and Item No. 5 remained unchanged from the previous notices despite the defendant's objections.  Consequently, the defendant seeks a Protective Order that either strikes Item No. 3 from the plaintiff's Re-Notice of Deposition or limits its scope to identifying individuals and specific subject matter.

Fed.R.Civ.P. 26(b)(4)(A) states, "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial.  If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is

provided." The defendant submits that its welding expert's report will be available to the plaintiff's counsel by February 22, 2005. If the plaintiff wishes to take the deposition of the defendant's welding expert, the defendant requests that this Honorable Court order the plaintiff to pay for the costs associated with the deposition pursuant to Fed.R.Civ.P. 26(b)(4)(C)(i) which states, "the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." If the plaintiff wishes to take the deposition of the defendant's welding expert, the defendant further requests this Honorable Court order the plaintiff to pay the defendant the costs associated with the defendant's preparation for the expert deposition pursuant to Fed.R.Civ.P. 26(b)(4)(C)(ii) which requires "the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert."

**WHEREFORE**, the defendant prays that this Honorable Court grant its Motion for a Protective Order that strikes Item No. 3 and Item No. 5 from plaintiff's Re-Notice of Deposition or in the alternative limits the scope of Item No. 3 to specific individuals and subject matter and compels the plaintiff to conduct and pay for the deposition of the

defendant's welding expert if the plaintiff requires the information requested under Item No. 5.

        Respectfully Submitted,

        **DEFENDANT**
        **CLINTON & MUZYKA, P.C.,**

        "/s/ Thomas J. Muzyka"
        **Thomas J. Muzyka**
        **BBO NO. 365540**
        **Terence G. Kenneally**
        **BBO NO. 642124**
        One Washington Mall
        Suite 1400
        Boston, MA 02108
        617-723-9165

Dated: February 18, 2005