UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.04-11113-PBS

JOAO MONTEIRO
    Plaintiff,

VS.

MARINE TRANSPORT LINES, INC.
    Defendant.

## JOINT PRE-TRIAL MEMORANDUM

Now come the parties, in the above entitled action, by and through their attorneys, and respectfully submit their Joint Pre-Trial Memorandum.

I.    **CONCISE SUMMARY OF PARTIES' POSITIONS**

    **A.    The Plaintiff**

This is a Jones Act Seaman's case in which the Plaintiff alleges that he severed the nerves and tendons on his left thumb while employed by the Defendant upon the S.S. MORMACSKY in July of 2001. The Plaintiff alleges that while working overhead with a grinder in an attempt to repair a steam pressure release pipe the grinder kicked back and struck his left wrist severing the nerves and tendons to his thumb. The Plaintiff alleges that the Defendant was negligent and that the vessel was unseaworthy in so far as the Plaintiff was forced to grind a pipe reaching overhead with a heavy grinder

while standing on a ladder on a ship underway at sea.  The Plaintiff alleges that the Defendant should have provided plaintiff with a safe work platform, such as staging, and that the work should have been performed when the vessel was not underway at sea.  Plaintiff alleges that as a result of his injury he underwent two surgeries including a tendon transplant and was disabled from any significant employment for approximately two years.  Plaintiff alleges that as a result of his injury he has permanent dysfunction of his thumb and is permanently disabled from heavy physical labor such as QMED seaman but is capable of less physical work.

**B.    The Defendant**

It is the defendant's contention that it is not negligent, and that its vessel was not unseaworthy in relationship to the claim set forth by the plaintiff.  Further, it is the defendant's contention that the injury suffered by the plaintiff was caused solely by the plaintiff's own negligence and careless actions.  Based upon the plaintiff's own testimony and other evidence, the plaintiff elected to use a step ladder to perform the repairs.  This was a decision made by the plaintiff and was not pursuant to any order or direct of the vessel's officers.  His actions were avoidable by using common sense and safe work procedures and the correct tools.  Concerning the

injuries suffered by the plaintiff, the evidence will be that his own treating physician advised that he could return to work as of August 6, 2003, however, the plaintiff has not demonstrated any effort to return to work.  The defendant will also demonstrate that the plaintiff's injuries were not severe and the treating physician stated that the symptoms in which he complains are not in proportion to the injury that he suffered.  The plaintiff is employable but chooses not to return to work.

**II.   STIPULATIONS**

    A.   The plaintiff was 51 years old at the time of his injury and is presently 54 years old.

    B.   On or about July 2, 2001, the plaintiff was employed by the Defendant, Marine Personnel and Provisioning Inc. as seaman and member of the crew of the S.S. MORMACKSKY.

    C.   On or about July 2, 2001, the defendant Marine Transport Lines, Inc. was the owner pro hac vice of the S.S. MORMACKSKY.

**III. CONTESTED ISSUES OF FACT**

    A.   Negligence of the defendant, Marine Personnel and Provisioning, Inc.

    B.   The unseaworthiness of the M/V MORMACKSKY.

    C.   The contributory negligence of the plaintiff and its causal relationship to his injuries.

4

    D.   The extent of the economic and non-economic damages suffered by the plaintiff.

**IV.   JURISDICTIONAL QUESTIONS**

The parties do not anticipate any jurisdictional questions.

**V.    QUESTIONS RAISED BY PENDING MOTIONS**

There are no pending motions presently before the Court.

**VI.   ISSUES OF LAW**

The parties do not anticipate any unusual issues of law.

**VII.  REQUESTED AMENDMENTS**

The Plaintiff seeks leave to amend his complaint by substituting Defendant Marine Transport Lines, Inc's subsidiary, Marine Personnel and Provisioning Inc. as the Plaintiff's employer for the purposes of the Jones Act. The Defendants consent to this substitution.

**VIII. ADDITIONAL MATTERS**

There are no additional matters raised by either party at this time.

**IX.   LENGTH OF TRIAL**

The parties anticipate that this case will take approximately two (2) to four (4) days, including jury empanelment, argument and charge (assuming a 9:00 a.m. to 1:00 p.m. schedule).

**X.  WITNESSES**

    **A.  The Plaintiff**

        1.  Joao Monteiro

        2.  Dr. Andrew Stein

    **B.  The Defendant**

        1.  Mary Cervati

        2.  Louis Fox.

        3.  Dr. Edward Nalebuff

        4.  Richard Seal

The defendant reserves the right to supplement prior to trial and to call any witnesses listed by the plaintiff.

**XI.  EXHIBITS**

    A.  Plaintiff's Exhibits

        1.  4 foot step ladder – Defendant objects.

        2.  6" Pipe – Defendant objects.

        3.  Defendant's Answers to Interrogatories (30(b)(6) Ex. 2)

        4.  Photo of Ship (30(b)(6) Ex. 3)

        5.  "Injury to Joao Monteiro" report (30(b)(6) Ex. 5)

        6.  USCG 2692 (30(b)(6) Ex. 6)

        7.  "Statement of Individual Reporting Injury" (30(b)(6) Ex. 11)

    8. "Report of Accidental Injury" (30(b)(6) Ex. 13)

    9. Income tax returns 1999, 2000, 2001

    10. Marine Transport Lines Overtime Record

    11. Fabrication Diagram (Pl. Depo Ex. 1)

    12. MorMac evaluation reports 1996-2000 – Defendant objects.

    13. Grinder

    14. Life Tables – Defendant objects.

    15. Work Life Table – Defendant objects.

B. <u>Defendant's Exhibits</u>

    1. Medical Records of the Plaintiff:

       a. Boston University of Medical Center;

       b. South Coast Hospital;

       c. Dr. Andrew Stein records;

       d. Dr. Edward Nalebuff records;

         Plaintiff objects.

    2. Plaintiff's Internal Revenue Service Tax Returns for 1999, 2000, 2001, 2003;

    3. American Bureau of Shipping Certificate; Plaintiff objects.

    4. Plaintiff's Deposition Exhibits:

       a. Pipe Diagram – Exhibit #1

       b. Pipe Diagram – Exhibit #2

7

      c. Plaintiff's Answers to Interrogatories – Exhibit #3

      Plaintiff objects

5. Marine Transport Lines Statements/Records

    a. Medical Log

    b. Report of Accidental Injury to Crew Member or Passenger

    c. Statement of Individual Reporting Injury

    Plaintiff objects

6. USCG form 2692 – Report of Marine Accident – Injury or Death;

    Plaintiff objects

7. DeWalt Sander/Grinder DW 494 Operations Manual.

    Plaintiff objects.

Respectfully Submitted,

| PLAINTIFF | DEFENDANT |
|---|---|
| **LATTI & ANDERSON, LLP** | **CLINTON & MUZYKA, P.C.,** |
| "/s/David F. Anderson" | "/s/Terence G. Kenneally" |
| **David F. Anderson** | **Thomas J. Muzyka** |
| **BBO No. 560994** | **BBO NO. 365540** |
| 30-31 Union Wharf | **Terence G. Kenneally** |
| Boston, MA 02109 | **BBO NO. 642124** |
| 617-523-1000 | One Washington Mall |
| | Suite 1400 |
| | Boston, MA 02108 |
| | 617-723-9165 |

Dated: March 7, 2005