UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-11113-PBS

JOAO MONTEIRO
    Plaintiff,

VS.

MARINE TRANSPORT LINES, INC.
    Defendant.

## DEFENDANT'S MOTION FOR AN ORDER DIRECTING THE PLAINTIFF'S COUNSEL TO MAKE HIMSELF AVAILABLE FOR DEPOSITION OF THE DEFENDANT'S MEDICAL TRIAL WITNESS

Now comes the defendant, in the above captioned action, by and through its undersigned counsel and hereby files its Motion for an Order Directing the Plaintiff's Counsel to Make Himself Available for the Deposition of the Defendant's Medical Trial Witness.

### I. Background

On March 3, 2005 this Honorable Court denied the parties' Joint Motion to Continue the Trial Date from March 14, 2005 to the week commencing April 4th or April 11th. This Honorable Court ordered:

"THE TRIAL WILL BE CONTINUED TO THE FOLLOWING WEEK. THE TESTIMONY OF THE MEDICAL EXPERT CAN BE VIDEOTAPED IF HE IS UNAVAILABLE THAT WEEK. THE TRIAL IS RESCHEDULED TO MARCH 21, 2005, AT 9:00 A.M. THE FINAL PRETRIAL CONFERENCE WILL STILL BE HELD ON MARCH 7, 2005, AT 3:00 P.M."

Accordingly, the parties appeared for the Final Pre-Trial Conference on March 7, 2005.  The Court ordered the jury trial to commence on March 21, 2005 and the parties were to resolve the scheduling issues concerning the remaining three depositions to be conducted in this matter.  Jury Instructions and any other pending issues are to be submitted to the Court on or before Friday, March 18, 2005.  The parties were unable to settle this matter at Mediation on January 31, 2005 and during several subsequent conversations since Mediation.

After appearing at the Final Pre-Trial Conference, the defendant's counsel immediately requested plaintiff's counsel's availability for the week commencing March 14, 2005 in order to schedule the video deposition of the defendant's medical expert.  During this meeting defendant's counsel agreed to be available for the **deposition of the plaintiff's medical expert during the afternoon of Wednesday, March 16, 2005.**  After reviewing his scheduling book, plaintiff's counsel conveyed that he was available **during the afternoon of March 15, 2005 to attend the video deposition of the defendant's medical expert**.  Consequently, on the morning of March 8, 2005, defendant's counsel contacted the defendant's medical expert and confirmed his availability to appear at a deposition during the afternoon

of March 15, 2005. As previously submitted to this Honorable Court, the defendant's medical expert will be traveling outside the Commonwealth of Massachusetts beginning March 16, 2005. The defendant's medical expert has limited availability to attend his deposition given his own practice demands and his imminent departure from Massachusetts, but he agreed to appear on March 15, 2005.

Despite plaintiff's counsel's previous statement that he was available on March 15, 2005, plaintiff's counsel now advises that he is unavailable during the afternoon of March 15, 2005 because his office scheduled another matter in Waterville, Maine. Accordingly, plaintiff's counsel is unavailable to attend the deposition of the defendant's medical expert and requested another date to reschedule. Defendant's medical expert leaves the Commonwealth on March 16, 2005, and cannot attend his deposition before March 15, 2005. It is the defendant's counsel's understanding that the plaintiff's counsel's <u>only</u> other availability is the afternoon of Friday, March 11, 2005, which is the period of time that defendant's counsel is attempting to schedule the 30(b)(6) deposition of the defendant's employee who has knowledge of welding as per the Court's Order of March 2, 2005. At the present time, defendant's counsel is attempting to confirm the defendant's employee's

availability for Friday, March 11, 2005.  Accordingly, there are no dates available for all parties to participate in the video deposition of the defendant's medical expert before the March 21st trial date unless plaintiff's counsel cooperates in arranging the deposition of the defendant's medical expert on March 15, 2005.  The defendant's case will be severely prejudiced if it cannot obtain the video tape deposition of its medical expert.

Given that the plaintiff's counsel is unavailable to attend the video deposition of the defendant's medical expert before March 21, 2005 and two other depositions are to be held on March 11th and March 16th respectively, the defendant requests that this Honorable Court reconsider the parties' Joint Motion to Continue the Trial Date.  A new trial date to commence on either April 4, 2005 or April 11, 2005 should enable the parties, their counsel and their witnesses to attend the trial.

After discussing the scheduling situation with plaintiff's counsel, there is an insufficient amount of available time to schedule the three depositions before March 21, 2005.  The defendant submits that the plaintiff's case will not be prejudiced if this Honorable Court schedules a new trial date to commence on either April 4, 2005 or April 11, 2005.

**WHEREFORE**, the defendant prays that this Honorable Court order the plaintiff's counsel to attend the deposition of the defendant's medical expert on March 15, 2005 or in the alternative reconsider the parties' Joint Motion to Continue the Trial Date to commence the trial on either April 4, 2005 or April 11, 2005.

    Respectfully Submitted,

    **DEFENDANT**

    **CLINTON & MUZYKA, P.C.,**


    **"/s/Terence G. Kenneally"**
    **Thomas J. Muzyka**
    **BBO NO. 365540**
    **Terence G. Kenneally**
    **BBO NO. 642124**
    One Washington Mall
    Suite 1400
    Boston, MA 02108
    617-723-9165

Dated: March 8, 2005