UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOAO MONTEIRO,<br>    Plaintiff<br><br>V.<br><br>MARINE TRANSPORT LINES, INC.,<br>    Defendant | Civil Action<br><br>No. 04-11113-PBS |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO FOR AN ORDER DIRECTING HIM TO COOPERATE.

Now comes the Plaintiff in the above captioned matter and opposes Defendant's Motion for an Order Directing Plaintiff's Counsel to make himself available for Deposition of the Defendant's Medical Trial Witness. As grounds thereof the Plaintiff states that statements made in Defendant's Motion are simply false. The Plaintiff has been cooperating with Defense counsel in an attempt to schedule the deposition of Defendant's retained medical expert Dr. Nalebuff. Plaintiff's counsel (David Anderson) has specifically advised Defense counsel Kenneally that he is available to conduct the deposition Defendant's retained medical expert on the afternoon of Thursday March 10, Friday March 11 (all day after a 10:15am hearing with Judge Bowler), Saturday March 12, Sunday March 13, late afternoon Monday March 14, Wednesday March 16 until 2:30 pm, Thursday March 17 until 2:00 pm and all day Friday March 18.. With respect to the date and time proposed by the Defendant (Tuesday, March 15 @ 4:30 pm) Plaintiff counsel will be in Waterville, ME until approximately 2:00 – 3:00 pm, but agreed to drive back to Boston to conduct the deposition at 6:00 pm. Defendant's motion is so filled with false statements regarding conversation that occurred within the last 24 hours that one

cannot help but come to the conclusion that the Defendant is intentionally misleading the Court.

I.    FACTS

In Late February, Defense counsel advised Plaintiff's counsel of Dr. Nalebuff's unavailability in Mid March and requested assent on a motion to continue. Plaintiff assented and a Defendant filed its motion. By order dated last week this Court denied Defendant's motion and rescheduled trial to March 21. On March 3, following receipt of the Court's Order rescheduling trial, Plaintiff's counsel (David Anderson) spoke to Defense counsel (Thomas Clinton) and inquired as to Defense counsel's availability on the afternoon of March 16 for the deposition of the treating hand surgeon, Dr. Stein. Attorney Clinton confirmed that Defense counsel would be available. On Friday March 4, the treating surgeon's deposition was booked, scheduled and confirmed with Defense counsel, Mr. Clinton. On page 2 of its motion Defendant states that this deposition was scheduled after the Pre-Trial conference on Monday. This is simply false.

Following the Monday, March 7 afternoon pre-trial conference Plaintiff's counsel (David Anderson) and Defense Counsel (Thomas Muzyka and Terrence Kenneally) discussed scheduling on the continuation of the 30(b)(6) deposition and the deposition of Defense expert Dr. Nalebuff. At this time Defense counsel did not have any proposed dates or times. Plaintiff's counsel (David Anderson) indicated in the most general of terms that he was available most of the week. The parties agreed that the Defendant would speak to their witnesses and get back to Plaintiff's counsel with some proposed dates and times. Referring to this discussion on page 2 of it's Motion Defense counsel states "After reviewing his scheduling book, plaintiff's counsel conveyed that he was available during the afternoon of March 15, 2005 to attend the video

2

deposition of the defendant's medical expert" Def. Mot., P. 2, Para 2. This statement is simply false.

The following morning Tuesday March 8 (this morning) my secretary gave me a message indicating that Defense counsel Kenneally had called trying to schedule the deposition of its retained expert, Dr. Nalebuff, for the early afternoon on Tuesday March 15. I told her to contact attorney Kenneally and tell him that I was going to be in Waterville, ME early Tuesday afternoon and that I would only be available late in the day . Soon thereafter my secretary advised me that Attorney Kenneally had scheduled the deposition at 4:30 pm. I then spoke to attorney Burg in my office to see if he could cover the deposition, however he is on trial that week in the USDC in Bay City, MI. My partner, Carolynn Latti will be with me in Waterville, ME and as a result I had no one to cover for me. I then called attorney Kenneally and told him that I would be tied up in Waterville, ME until the early afternoon, but that I was willing to drive back to Boston for the deposition in the early evening. I told attorney Kenneally that I could not do the deposition of his expert at 4:30 but that I could do it at 6:00. I then discussed with attorney Kenneally alternative dates for the deposition of Defendant's medical expert. During this discussion I went through my calendar book day-by-day and advised him that I would make myself available for the deposition of defendant's medical expert the afternoon of Thursday March 10, Friday March 11 all day (after a 10:15am hearing with Judge Bowler), Saturday March 12, Sunday March 13, late afternoon Monday March 14, Wednesday March 16 until 2:30 pm, Thursday March 17 until 2:00 pm and all day Friday March 18. During this conversation Defense counsel Kenneally told me that he did not want to do the deposition on March 11 because he wanted to schedule the continued 3)(b)(6) that day (despite the fact that he had not

even contacted the witness yet and did not know his availability).  Defense counsel Kenneally told me that March 12 and 13 were no good because "Tom Muzyka does not want to work over the weekend".  At the conclusion of this conversation the parties agreed that Defense counsel Kenneally was going to get back to Plaintiff's counsel regarding scheduling.  Defense counsel Kenneally's statement on page 3 of Defendant's <u>Motion</u> that "it is the defendant's counsel's understanding that the plaintiff counsel's <u>only</u> other availability is the afternoon of Friday March 11, 2005…" is false.  Given that I went through my book with attorney Kenneally day-by-day and that this conversation took place only a few hours before Defense counsel Kenneally filed his motion I can only conclude that attorney Kenneally is intentionally misrepresenting facts to the Court.

II.    <u>ARGUMENT</u>

Last summer this trial was scheduled for Mid-March.  Dr. Nalebuff is not a fact witness or a treating physician.  Rather he is a retained medical expert who was hired by the Defendant to testify against the Plaintiff in this case with the full knowledge that trial would take place in mid March.  For weeks if not months the Defendant has been aware that Dr. Nalebuff would be out of town in mid March and until yesterday has taken no steps to schedule his deposition.  Rather, Defendant sought to have the attorneys, the parties and the Court re-arrange their schedule by continuing trial.  This Court Ordered the trial continued to the 21st almost a week ago and the Defendant took no concrete steps to schedule Dr. Nalebuff's deposition until today.  Plaintiff has asked that the deposition be moved from 4:30 to 6:00 and the Defendant refused.  Plaintiff offered to do the deposition on Friday the 11th but the Defendant refused because they

want to take the entire day to schedule the 30 minute deposition of another Defense witness whom they have not spoken too and who might not even be available. Finally Plaintiff's counsel has offered to conduct the deposition over the weekend, however they have refused because they don't want to work weekends. Simply stated, Plaintiff's counsel has fully cooperated in the scheduling of Dr. Nalebuff's deposition and will continue to do so. However, the inability to schedule the deposition of Dr. Nalebuff for any other time other than 4:30pm on March 15 is a problem which could have been foreseen and avoided long ago. Neither Plaintiff's counsel nor the court system should be forced to re-arrange their schedules based upon the convenience of a hired expert.

Now that we are getting geared up for trial, Plaintiff would prefer to try the case starting March 21. However, Plaintiff previously assented to a continuance to either April 4 or April 11 and remains available on those dates.

WHEREFORE, the Plaintiff respectfully requests that <u>Defendant's Motion for an Order Directing Plaintiff's Counsel to make himself available for Deposition of the Defendant's Medical Trial Witness</u> be denied.

Respectfully submitted
On behalf of the Plaintiff

<u>/s/ David F. Anderson</u>
David F. Anderson
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109

Dated: March 8, 2005                                     (617) 523-1000

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2004, I electronically filed Plaintiff's above opposition with the Clerk of the Court using CM/ECF system and will send a copy of such filing(s) to Defense counsel, Thomas Muzyka, Clinton & Muzyka P.C., One Washington Square, Boston, MA.

                                                      /s/ David F. Anderson
                                                      David F. Anderson
                                                      Latti & Anderson LLP
                                                      30-31 Union Wharf
                                                      Boston, MA 02109
Dated: March 8, 2005                                     (617) 523-1000